UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.B.B.C., a MINOR CHILD, by and through his father and next friend, Carlos Emilio Barrera Rodriguez,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD WOLF, Acting Secretary of Department of Homeland Security, et al.,<br><br>Defendants. | Case No. 1:20-cv-01509 (CJN)<br><br>**DECLARATION OF ACTING ASSISTANT FIELD OFFICE DIRECTOR DANIELLE HERNANDEZ** |

I, Danielle Hernandez, hereby declare as follows:

1. I am an Acting Assistant Field Office Director at the El Paso Office of Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE), within the U.S. Department of Homeland Security (DHS) in El Paso, Texas. I oversee the Non-Detained Unit, which encompasses the Non-Detained Operations Unit, Migrant Protection Protocol Unit and the Field Office Juvenile Coordinators. The Non-Detained Unit is responsible for the detention, release and removal of individuals, family units, and unaccompanied minors in immigration proceedings. I am responsible for a program consisting of approximately 50 employees.

2. In connection with my job responsibilities, I am familiar with this litigation. The following statements are based upon my person knowledge or on information supplied to me in the course of my professional responsibilities.

3. Pursuant to 19 U.S.C. § 1401(i), the Deputy Director and Senior Official

1

Performing the Duties of the ICE Director exercised his delegated authority to designate the Executive Associate Director (EAD) for ERO as a "customs officer" for purposes of aiding in the enforcement of quarantine rules pursuant to 42 U.S.C. § 268(b)  The EAD for ERO then redelegated that authority to all ERO immigration officers. All ERO immigration officers can therefore exercise the authority of "customs officers," as identified in the Centers for Disease Control and Prevention (CDC) *Order Suspending Introduction Of Persons From A Country Where A Communicable Disease Exists* (March 20, 2020), 85 Fed. Reg. 17060 (Mar. 26, 2020) (CDC Order), and under 42 U.S.C. § 268(b), to help with the enforcement of the CDC Order.

4.      On June 4, 2020, ERO was notified that U.S. Customs and Border Protection (CBP) had determined that J.B.B.C. was subject to the CDC Order, and that he should be returned to Honduras. On June 5, 2020, in order to aid the CDC in effectuating the return, ERO requested that ICE contractor MVM transport and supervise J.B.B.C. pending a flight to Honduras that was scheduled for June 10, 2020, which was the next available flight to Honduras.

5.      While supervised by MVM, J.B.B.C. has been housed in a hotel as he awaits his return flight to Honduras that was initially scheduled for June 10, 2020. He was transported from his hotel in anticipation of that flight, but in light of this litigation, J.B.B.C. did not complete his return to Honduras via the June 10, 2020 flight. Instead, he returned to a hotel in the El Paso area where he has been housed since.

6.      On the evening of June 8, 2020, I learned that J.B.B.C. raised a claim for protection under the Convention Against Torture (CAT) through his attorney. I referred the matter to headquarters. On June 10, 2020, I referred J.B.B.C.'s case to the U.S. Citizenship and Immigration Services (USCIS) Houston Asylum Office for an interview to assess his claim. USCIS conducted an assessment of J.B.B.C.'s claim on June 10, 2020. I understand that

screening interviews are conducted by an asylum officer who assesses whether it is more likely than not that the alien will be tortured in the country to which he or she will be sent. I received notice from USCIS on June 10, 2020 that the asylum officer who assessed J.B.B.C.'s claim concluded that J.B.B.C. did not establish a claim for protection under CAT, and that USCIS requested its decision be served on J.B.B.C. The decision was served on J.B.B.C. on the morning of June 11, 2020.

7. In some cases, minors traveling alone from northern triangle countries, including Honduras, are provided temporary housing, often in hotels, for a short period of time while ICE finalizes the logistics for a flight to return them to their native country. While in temporary housing, such minors, including J.B.B.C., are provided basic necessities, including, but not limited to: daily medical visits, frequent temperature checks, issuance of personal protective equipment to include masks and gloves with replacements readily available, access to hand soap and hand sanitizer, daily room cleaning and regular disinfecting, and daily telephone calls (with the option for video calls) with family.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in El Paso, Texas on this 17th day of June, 2020.

Danielle Hernandez
Acting Assistant Field Office Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security